UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS WILLIAM ASHLEY,

    Petitioner,

v.

    CASE NO. 2:13-cv-13002
    HONORABLE GERSHWIN A. DRAIN
    UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE [# 7], DENYING MOTION FOR BOND PENDING REVIEW [# 5], AND DENYING MOTION FOR EVIDENTIARY HEARING [# 6]**

    This is a habeas corpus case filed by Michigan prisoner Chris Ashley. On June 22, 2010, Petitioner was convicted after a trial in the Oakland Circuit Court of armed robbery, and using a financial transaction device without permission. The petition raises six claims: (1) Petitioner's car was subject to an illegal search; (2) Petitioner was denied funds to hire an expert witness; (3) the trial court erroneously denied the jury's request to examine evidence; (4) the trial court erroneously admitted evidence regarding Petitioner's behavior in the hospital; (5) the prosecutor committed misconduct; and (6) inaccurate information was used to impose Petitioner's sentence. Petitioner has filed a motion to stay the habeas corpus proceeding to permit him to exhaust his state court remedies with respect to an additional claim. For the reasons stated below, the Court will GRANT the Petition's Motion to Hold the Writ of Habeas Corpus in Abeyance [#7], stay the proceedings under the terms outlined in this opinion to permit Petitioner to exhaust this claim, and DENY Petitoiner's Motion for Bond Pending Review [#5] and Motion for an Evidentiary Hearing [#6] as moot.

## I. Background

Following his conviction, Petitioner filed an appeal of right in the Michigan Court of Appeals. The state appellate court affirmed. *People v. Ashley*, No. 299251 (Mich. Ct. App. October 18, 2011). Petitioner then sought relief in the Michigan Supreme Court, but that court denied leave to appeal. *People v. Ashley*, No. 144129 (Mich. Sup. Ct. April 24, 2012). Petitioner commenced the instant habeas proceeding by placing his petition in the prison mail system on July 11, 2013.

Presently before the Court is Petitioner's Motion to Stay Proceedings. He wishes to exhaust an additional claim asserting that his trial counsel was ineffective for failing to communicate and advise him to accept a favorable plea bargain prior to trial.

## II. Discussion

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008)(citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

In this case, Petitioner requests a stay because he alleges that he would like to file a motion for relief from judgment raising an additional claim challenging his conviction.

A common circumstance calling for abating a habeas petition arises, when a Petitioner wishes to exhaust all claims, but the dismissal without prejudice of the petition would probably result in the second petition being time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). It appears that Petitioner has less than one month

remaining on the limitations period when he filed his habeas petition. The limitations period began running on or about July 24, 2012, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. Petitioner commenced this action on July 11, 2013, with approximately two weeks remaining on the limitations period. Accordingly, if the Court were to dismiss without prejudice the petition on exhaustion grounds, Petitioner would find it difficult to timely file his petition after he finished exhausting his claims.

The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)). The Court will, therefore, grant Petitioner's motion.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to pursue post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner filing a motion for relief from judgment in the trial court within sixty (60) days and then returning to federal court within sixty (60) days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300

F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

It is **ORDERED** that Petitioner's Motion to Hold the Petition for Writ of Habeas Corpus in abeyance [#7] is **GRANTED**. Petitioner may file a motion for relief from judgment with the state trial court within sixty (60) days of receipt of this Court's order. If Petitioner fails to do so by that date, the Court will dismiss his petition without prejudice.

If Petitioner files the motion, he shall notify this Court that such papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

It is further **ORDERED** that because the Court is staying the petition, Petitioner's pending Motions for an Evidentiary Hearing [#6] and Bond Pending Review [#5] are **DENIED** as moot.

/s/Gershwin A Drain  
Gershwin A. Drain  
United States District Judge

Dated: October 22, 2013